# TEAM LEGAL



The Leader in Litigation Support

13100 Wortham Center Dr., Suite 140
Houston, Texas 77065

Phone 713-937-4242   1-800-882-3376
Fax 713-937-9995

May 10, 2018

Custodian of Records:
Texas Medical Board (Attn: General Counsel)
333 Guadalupe, Tower 3, Suite 610
Austin, TX 78701
512-305-7009

Re: See Attached Exhibit A

We have been commissioned by attorney Daniel R. Dutko with Hanszen Laporte, LLP to obtain any and all records (on paper and/or in electronic format) as described in the attached Exhibit 'A' via the attached subpoena. *This includes all current, archived, deactivated and purged records, as well as records that are kept off-site.* Enclosed are the necessary legal papers for the release of these records.

Please complete the applicable Affidavit as indicated below. *If after a thorough search no records are found, please contact our office at 713-937-4242. You may also email us at shansen@teamlegal.net.*
1. Please have the Affidavit completed by the Custodian of Records.
2. The Custodian of Records should also sign their name on the "Affiant" Line.
3. Please have the Affidavit notarized and sealed. *Signature(s) must be notarized in order to be filed with the court.*

PLEASE MAIL THE ORIGINAL SIGNED AFFIDAVIT. IF YOU NEED A NOTARY PLEASE CALL US SO WE MAY ARRANGE ONE FOR YOU.

If your copying fee exceeds $50.00, please contact our office before copying so that we may obtain attorney approval. If payment is required prior to the release of records please submit your invoice via fax to 713-937-9995.
**PLEASE PRODUCE RECORDS ON CD OR IN ELECTRONIC FORMAT AT A REDUCED RATE WHEN POSSIBLE.*

## CONFIRMATION (PLEASE RETURN THIS FORM BY FAX TODAY)

In order to **reduce calls** and **verify records**, please fax this confirmation back to **Team Legal at 713-937-9995**.

Approximate Turnaround Time: _____     Fee for records (if known at this time): $ _____
Do you need a notary?  Yes  or  No  (circle one)     If yes, please state date/time: _____
I am in receipt of this request for records from **Texas Medical Board (Attn: General Counsel)**.
Signed: _____     Printed Name: _____
Direct Line and/or Email: _____

Please return to the Record Retrieval Department (fax: 713-937-9995; email: shansen@teamlegal.net) at your earliest convenience.
Order No. 23379.002

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

LISA TORREY, et al.                          :
                                             :
                                             :
vs.                                          :      CIVIL ACTION NO. 5:17-CV-00190-RWS
                                             :
INFECTIOUS DISEASES SOCIETY OF               :
AMERICA, et al.                              :

# AFFIDAVIT

Records Pertaining To: **See Attached Exhibit A**

Type of Records: **any and all records (on paper and/or in electronic format) as described in the attached Exhibit 'A'**

Before me, the undersigned authority, personally appeared _____
who, being by me duly sworn, deposed as follows:                    (Custodian of Records)


My name is _____. I am over eighteen (18) years of age, of sound mind, capable of making this affidavit, and personally acquainted with the facts herein stated:

I am the Custodian of Records for:
**Texas Medical Board (Attn: General Counsel)**

Attached hereto are _____ pages of records from this facility. These records are kept in the regular course of business, and it was the regular course of business for an employee or representative of this facility, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.



                                             AFFIANT (Custodian of Records)


Sworn to and subscribed before me on the _____ day of _____, 20____.




                                             NOTARY PUBLIC

                                             My Commission Expires: _____


Order No. 23379.002           Team Legal                              **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

LISA TORREY, et al.

vs.  CIVIL ACTION NO. 5:17-CV-00190-RWS

INFECTIOUS DISEASES SOCIETY OF
AMERICA, et al.

NOTICE OF INTENTION TO SERVE SUBPOENA
FOR PRODUCTION OF DOCUMENTS AND/OR THINGS

To Defendant by and through their attorney(s) of record: Alan F. Law, Blayne R. Thompson, Crystal R. Axelrod, Derek S. Davis, Earl B. Austin, Eileen R. Ridley, Jeffrey R. Roeser, John B. Lawrence, Kimberly A. Klinsport, Martin J. Bishop, Michael E. Jones, Michael J. Tuteur, Peter J. Chassman, R. Brendan Fee, Ronald C. Low and Thomas F.A. Hetherington
To other party/parties by and through their attorney(s) of record: Alvin Dunn, Daniel E. Laytin, Debra H. Dermody, Eugene Egdorf, Lance Lee and Ryan K. Higgins

You will please take notice the attached subpoena will be served upon the following Custodian of Records for:

(2) Texas Medical Board (Attn: General Counsel) (Any & All Records)
    333 Guadalupe, Tower 3, Suite 610, Austin, TX 78701

requesting the production of any and all records as described on the attached subpoena and/or exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to: See Attached Exhibit A
and to turn all such records over to a representative for **TEAM LEGAL**
13100 Wortham Center Dr., Suite 140, Houston, TX 77065
713-937-4242, Fax 713-937-9995, www.teamlegal.net
or its designated agent. Notice is further given that request is hereby made as authorized under Federal Rules of Civil Procedure Rule 45(a)(4).

TEAM LEGAL



The Leader in Litigation Support

Daniel R. Dutko
Hanszen Laporte, LLP
14201 Memorial Drive
Houston, TX 77079
713-522-9444   Fax 713-524-2580
Attorney for Plaintiff
SBA # 24054206

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, fax, email, and/or certified mail, return receipt requested, on this day.

Dated: May 10, 2018                              by

Order No. 23379

EXHIBIT A

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# United States District Court
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

LISA TORREY, et al.

vs.                                         Civil Action No. 5:17-CV-00190-RWS

INFECTIOUS DISEASES SOCIETY OF
AMERICA, et al.

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:   Custodian of Records for:       Texas Medical Board (Attn: General Counsel)
                                      333 Guadalupe, Tower 3, Suite 610
                                      Austin, TX 78701 512-305-7010

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

any and all records (on paper and/or in electronic format) as described in the attached Exhibit 'A'

**Pertaining To: See Attached Exhibit A**

| PLACE | DATE AND TIME |
|---|---|
| The office of the custodian: 333 Guadalupe, Tower 3, Suite 610 Austin, TX 78701 | Instanter |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The following provisions of Fed. R. Civ. P. 45 are attached - Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: May 10, 2018

                CLERK OF COURT
                                              OR       Daniel Dutko /sk
                Signature of Clerk or Deputy Clerk              Attorney's Signature

The name, address, e-mail address, and telephone number of the attorney representing (name of party), Plaintiff, Lisa Torrey, et al., who issues or requests this subpoena, are:

Daniel R. Dutko
Hanszen Laporte, LLP
14201 Memorial Drive
Houston, TX 77079
713-522-9444

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).
Order No. 23379.002

**EXHIBIT A**

AO 88␣ (Rev 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:17-CV-00190-RWS

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc.:

Order No. 23379.002                                           **EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required - and also, after a motion is transferred, the issuing court - may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Order No. 23379.002

**EXHIBIT A**

## EXHIBIT A

### INSTRUCTIONS

In producing responsive documents for inspection and copying, you are required to furnish all documents known or available to you in your possession, custody or control regardless of whether the documents are possessed: directly by you, your agents, your firm, consignees, representatives or investigators; or by your present or former attorneys or their agents, employees, representatives or investigators.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, you are not to leave any part of a request unanswered merely because you may object to another part of that request. Similarly, if you raise a claim of privilege and/or an objection to any request, or any subpart thereof, and an answer is not provided on the basis of your assertion of that objection, you must indicate whether any such documents exist and identify the nature of the privilege asserted (including work product) and, if the privilege is being asserted in connection with a claim or defense specifically identify on a privilege log the privilege rule being invoked and provide:

(a)   The type of document withheld;

(b)   The general subject matter of the document;

(c)   The date of the document;

(d)   The name, job title, and address of the author or person who prepared it;

(e)   The name, address and job title of each person who received, was copied on or otherwise saw all, part, or a summary of the document;

(f)   The name, job title, and address of the person in current possession of the document, and its current location;

(g)   The custodian for the document; and

(h)   Such other information as is sufficient to identify the document for a subpoena *duces tecum*, including the author of the document, the addressee of the

Texas Medical Board

Order No. 23379.002        Team Legal

**EXHIBIT A**

document, and, where not apparent, the relationship of the author and addressee to each other.

You are also required to produce all documents as they are kept in the usual course of business or shall organize and label all documents produced to correspond to the categories in the request. For each request, you are required to identify the custodian of each document produced and from whose files it was obtained. For documents that exist electronically, please produce in text-searchable electronic format (*i.e.* single-page TIFF with multi-page OCR, Concordance load files, .DAT file with "BEGDOC" and "ENDDOC," and, for documents other than scanned paper documents, a DAT file including all meta-data files processed from such documents).

This request is continuing in nature and requires further and supplemental production by you as and whenever you produce, create or acquire additional documents covered by this request between the time of your initial production hereunder and the time of the trial in this action.

## DEFINITIONS

As used herein:

A.      The term "Texas Medical Board", "you" or "your" shall mean and include, collectively and/or individually, Texas Medical Board, and all its directors, officers, agents, employees, consultants, attorneys, representatives, partners, direct and indirect contractors, entities that were acquired by or merged with the Texas Medical Board, subsidiaries of the Texas Medical Board and/or all other persons acting on behalf of the Texas Medical Board.

B.      The term "IDSA" shall mean Defendant Infectious Diseases Society of America and any of its subsidiaries, health insurance organizations, associated companies, parent companies, agents, officers, or representatives.

C. The term "Anthem" shall mean Defendant Anthem, Inc. and any of its agents, health insurance organizations, associated companies, representatives, officers, corporate parents, subsidiaries, or affiliates.

D. The term Blue Cross Blue Shield shall mean Defendant Blue Cross and Blue Shield Association and any of its licensees, agents, health insurance organizations, associated companies, representatives, officers, corporate parents, subsidiaries, or affiliates.

E. The term "Aetna" shall mean Defendant Aetna Inc. and any of its agents, health insurance organizations, associated companies, representatives, officers, corporate parents, subsidiaries, or affiliates.

F. The term "Cigna" shall mean, collectively and/or individually, Defendant Cigna Corporation and/or Cigna Health and Life Insurance Company and any of their agents, health insurance organizations, associated companies, representatives, officers, corporate parents, subsidiaries, or affiliates.

G. The term "Kaiser" shall mean, collectively and/or individually, Defendant Kaiser Permanente, Inc. and/or Kaiser Foundation Health Plan, Inc. and any of their agents, health insurance organizations, associated companies, representatives, officers, corporate parents, subsidiaries, or affiliates.

H. The term "United Healthcare" shall mean Defendants United Healthcare Service, Inc. and/or United HealthGroup, Inc., and any of their agents, health insurance organizations, associated companies, representatives, officers, corporate parents, subsidiaries, or affiliates.

I. The term "IDSA Panelists" shall mean, collectively and/or individually, Defendants Dr. Gary P. Wormser, Dr. Raymond J. Dattwyler, Dr. Eugene Shapiro, Dr. John J. Halperin, Dr. Robert B. Nadelman, Dr. Leonard Sigal, and Dr. Allen Steere.

J.  The term "CDC" shall mean the United States Centers for Disease Control and Prevention.

K.  "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to electronically stored information, any book, pamphlet, periodical, letter, correspondence, note, telefax, contract, schedule, exhibit, report, study, record, statement, agreement, receipt, summary, notation in any form made of conversations or meetings, computer printout, telecopy, invoice, ledger, chart, graph, tape, disc, analysis, e-mail, text message, or any other data compilation form which information can be obtained or any other written, recorded, transcribed, punched, taped, filed, imputed or graphic matter, however produced or reproduced, to which you have or had access. For documents that exist electronically, please produce in text-searchable electronic format (*i.e.* single-page TIFF with multi-page OCR, Concordanceload files, .DAT file with "BEGDOC" and "ENDDOC," and, for documents other than scanned paper documents, a DAT file including all meta-data files processed from such documents).

L.  "Person" or "persons" means a natural person, firm, proprietorship, association, corporation, partnership or other type of organization or entity.

M.  "Refer to," "referring to," "relate to" or "relating to" means concerning, describing, evidencing or constituting, either directly or indirectly.

N.  "Communication" and "communications" refer to any contact, correspondence or conversation (whether face-to-face, by telephone, electronic mail, or any other medium); any other transfer, receipt or exchange of messages; documents and/or information.

O.  "And," "or" and "and/or" should be construed either conjunctively or disjunctively as necessary to bring within the scope of this Subpoena, all responses that might otherwise be construed to be outside its scope.

P.  "Any," "all," "each," and "every" shall be construed as inclusive or exclusive, as necessary, to afford the widest possible scope to the request containing such terms.

Q.  The singular shall include the plural, the plural shall include the singular, and the masculine includes the feminine and neuter genders

## DOCUMENTS TO BE PRODUCED BY
## THE TEXAS MEDICAL BOARD

1. All complaints or correspondence from any representatives of any health insurance companies related to allegations of improper treatment of Lyme disease.

2. All complaints or correspondence from any representatives of any health insurance companies related to allegations of inappropriately prescribing medications for the treatment of Lyme disease.

3. All investigations, cases, and/or complaints, related to any doctor's failure to properly treat Lyme disease patients.

4. All investigations, cases and/or complaints related to any doctor's failure to properly treat Lyme disease patients, by not following IDSA Lyme guidelines.

5. Any correspondence or complaints from Blue Cross Blue Shield related to allegations of improper diagnosis or treatment of Lyme disease.

6. Any correspondence or complaints from Anthem related to allegations of improper diagnosis or treatment of Lyme disease.

7. Any correspondence or complaints from Aetna related to allegations of improper diagnosis or treatment of Lyme disease.

8. Any correspondence or complaints from Cigna related to allegations of improper diagnosis or treatment of Lyme disease.

9. Any correspondence or complaints from Kaiser related to allegations of improper diagnosis or treatment of Lyme disease.

10. Any correspondence or complaints from United Healthcare related to allegations of improper diagnosis or treatment of Lyme disease

# AFFIDAVIT

STATE OF TEXAS             §
                                          §
COUNTY OF TRAVIS      §

Affiant, being first duly sworn on oath, deposes and states as follows:

1. My name is Scott Freshour. I am of sound mind and majority age, and I have personal knowledge of the facts attested to herein.

2. I am the Interim Executive Director and General Counsel of the Texas Medical Board (TMB).

3. I am familiar with the subpoena served on the TMB by Plaintiffs in *Lisa Torrey, et al. v. Infectious Diseases Society of America, et al.*, Civil Action No. 5:17-CV-00190-RWS, which is pending in the United States District Court for the Eastern District of Texas, Texarkana Division (Lawsuit).

4. Attached to the Subpoena is a list of ten items/requests. Nearly all of the documents in the possession of the TMB which would be responsive to the Subpoena are part of investigation files which are confidential and privileged pursuant to § 164.007(c) of the Texas Medical Practice Act. The TMB also has in its possession documents which are confidential pursuant to 42 C.F.R. § 60.20(a). The only exceptions to the foregoing are Agreed Orders, Remedial Plans, and Physician Public Verification, which will be provided to Plaintiffs' counsel in the Lawsuit.

Further affiant sayeth not.

_____
Scott Freshour, Affiant

**EXHIBIT B**

Subscribed and sworn to me this _20_ day of June, 2018.

*Rita Chen*
Notary Public in and for the State of Texas

**RITA CHAPIN**
Notary Public-State of Texas
Notary ID #36625-9
Commission Exp. JULY 26, 2020

Notary without Bond

**EXHIBIT B**